IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES CURRY, JR.**                                                                           **PLAINTIFF**

**v.**                                                               **No. 1:20CV176-DAS**

**LEE COUNTY DETENTION CENTER JAIL**                            **DEFENDANT**

**ORDER REQUIRING PLAINTIFF TO IDENTIFY PROPER DEFENDANTS
AND TO IDENTIFY ANY PREJUDICE TO HIS LEGAL POSTITIONS
HE SUFFERED AS A RESULT OF INTERFERENCE WITH OUTGOING MAIL**

This matter comes before the court on the complaint [1] by James Curry, Jr., in which the sole defendant is the Lee County Detention Center Jail, which is not amendable to suit under Mississippi law. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006). Similarly, Mississippi jails and prisons are not amenable to civil suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.) Thus, this case may not move forward until the plaintiff identifies as defendants persons or entities who are amenable to suit. He was unable identify any defendants at his *Spears* hearing; as such, the court will provide him an opportunity to do so now.

In addition, one of the plaintiff's claims is that someone at the Lee County Jail prevented him from sending outgoing legal mail. However, this claim is only viable if he can show that he suffered actual prejudice to a legal position as a result of that person's actions. To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the

loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). The plaintiff was unable to identify prejudice to his legal position during his *Spears* hearing, and the court will permit him the opportunity now.

For these reasons, **the plaintiff has a deadline of 14 days from the date of this order to identify:**

(1) **Defendants who are persons or entities amenable to suit under Mississippi law; and**

(2) **Prejudice to his legal position as a result of jail personnel preventing him from sending outgoing mail.**

**SO ORDERED**, this, the 5th day of March, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE