IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES CURRY, JR.**                                                                  **PLAINTIFF**

v.                                                                  No. 1:20CV176-DAS

**LEE COUNTY DETENTION CENTER JAIL**                     **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of James Curry, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants failed to provide him with adequate medical care and food – and interfered with his outgoing mail.[1] The defendants have moved for summary judgment; the plaintiff has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, and judgment will be entered in favor of the defendants.

---

[1] Mr. Curry has made other allegations, including used of excessive force, but those allegations are unsworn statements contained in various other filings with the court – or do not contain facts sufficient to state a claim. For instance, in his complaint he alleged that he was "thrown to the floor head first;" however, he did not state who threw him. In a later unsworn submission [21] to the court, he stated that Officer Justin Posey (and unnamed officers) are the ones who threw him down. "Although *pro se* litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). As there is no evidence of record to support these allegations, they are not properly before the court, and the court will not consider them on summary judgment review.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).

After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings. Rather, it recognizes that despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id*. The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."

**Undisputed Material Facts**

- 3 -

James Curry was an inmate at the Lee County Detention Center from March 26, 2018 to April 17, 2018 (23 days). Exhibit C, Inmate Release Report. In his complaint, he states that he had physical injuries including a "slip disc and pinch nerves" that predated his detention. Exhibit A, Complaint, ECF 1, p. 2. In *Curry v. Ashley Furniture Industries, et al.*, 296 So. 3d 193 (Miss. 2020), the Court of Appeals of Mississippi discussed some of these physical injuries in a prior lawsuit involving Mr. Curry, which included a "slipped disc" as well as injuries from a car wreck in 2016 (in which he reported neck pain radiating to the left side of his body, pain in the base of his skull radiating down his back, and left arm and leg pain at a level of 8/10). *Curry*, 296 So.3d 193 at 195 (¶ 2) and 196 (¶¶ 7 & 9). The record in *Curry* also revealed that he had a bulging degenerative disc at C4-C5 and was diagnosed with acute neck pain, acute headache, epidural hematoma, and cervical disc degeneration. *Id*. "A subsequent neurological consult noted" a herniated disc at L5-S1, however Curry was not interested in surgery. *Id*. In short, Mr. Curry had a panoply of physical injuries predating his incarceration in the Lee County Jail.

The record reveals that on April 4, 2018, Curry was treated by the medical staff for complaints of chronic back pain. Exh. D, Medical Records.

> 4/4/18 Chronic back pain. 65 degenerative disc disease with right sciatica. Denies any loss of bowel/bladder, saddle anesthesia. Numbness tingling to right leg. Exam: Ambulates without assistance. Tenderness to palpation to lower lumbar C4-L5. No foot drop. Bilateral lower extremity strength 5/5. Distal sensation intact. Deep tendon reflexes 2+ equal. Diagnosis: Chronic back pain. Lumbago with right side sciatica. Plan: Decadron 8g IM. Toradol 60g IM. Prednisone 60/50/40/30/20/10. Naprosyn 500g 1 PO BID #20. Flexeril 10g 1 PO TID #30.

Exh. D, Medical Records, Lee County-Curry 00001. The medical staff examined, assessed, and treated Curry for his chronic back pain, prescribing medication to help with inflammation and pain. Additionally, the record indicates that Curry's blood sugar levels were checked daily due to diabetes. Exh. D, Medical Records, Lee County-Curry 00002-00003. The only issue related to medical care

- 4 -

indicated in the record is Curry's disagreement with the medications that were sent with him from Parchman, which Nurse Judy Govatos, RN noted on March 27, 2018:

> AMBULATION TO MED ROOM PER MO. HX OF DIABETES/HTN. B/P 136/83, P. 67, R. 18. STATES MEDS THAT WERE BROUGHT WITH HIM FROM PARCHMAN ARE NOT THE CORRECT MEDS. HOWEVER, IF THEY WEREN'T THE ONES HE WAS TAKING THEY WOULD NOT HAVE SENT THEM WITH HIM.

Exh. D, Medical Records, Lee County-Curry 00013. Additionally, the record indicates that on March 29, 2018, Curry refused for Nurse Judy Govatos to order stomach medications for him. Exh. D, Medical Records, Lee County-Curry 00012.

In addition, there is nothing in the record to show that Curry was refused medical treatment. On the contrary, he was regularly checked for his diabetes; he was prescribed inflammation and pain medication for his chronic back pain, and his medications that were transferred with him from Parchman were available to him.

Mr. Curry's Complaint does not allege actual injuries, only that he "was thrown on the floor head first and refuse [his] meal and proper medical attention, [his] neck, back, leg, shoulder." Exhibit A, Complaint, ECF 1, p. 3. Curry was seen by the nursing staff at the jail for his chronic back pain and was prescribed medication for pain. Exhibit C, Medical records. Additionally, there is no indication that Curry suffered any new physical injury while detained at Lee County.

Likewise, he does not allege that the handling of his legal mail prejudiced his legal position. In addition, he has not alleged how long he went without food during his stay at the jail. At his *Spears* hearing, he testified that, though officers on one shift refused to bring his food to him, he nonetheless received food from officers on "another shift" – and that other inmates provided him with food. He has stated neither how many meals he missed, if any, nor how much time elapsed between meals. All of his claims are mere allegations with no evidence to support them.

- 5 -

**Denial of Adequate Medical Care**

Mr. Curry alleges that the defendants failed to provide medical treatment for pain in his neck, back, shoulder, and legs. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

This same subjective deliberate indifference standard has been applied to pretrial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of

the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

As set forth in the medical records, the defendants provided adequate medical care for Mr. Curry's chronic back pain (including numbness and tingling in his right leg) and diabetes. He was "afforded extensive medical care by prison officials." *Brauner, supra*. Nothing in the record suggests that the medical staff "engaged in … conduct that would clearly evince a wanton disregard for [his] serious medical needs." *Brauner*, 793 F.3d at 498. This claim is without substantive merit and will be dismissed with prejudice.

### Denial of Adequate Food, Water, or Lights

Mr. Curry alleges in his complaint that, during his stay at the Lee County Adult Detention Center: (1) the defendants provided insufficient food, (2) his sink had no running water, and (3) he had no light fixture in his cell. The deprivation of food constitutes cruel and unusual punishment *"only* if it denies a prisoner the 'minimal civilized measure of life's necessities.' " *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (emphasis added). "[I]nmates must be provided nutritionally

adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975 (4th Cir. 1985); *see also Davis v. Missouri*, 389 Fed. Appx. 579, 579-80 (8th Cir. 2010)(designated unpublished); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). A prisoner is entitled only to *reasonably* adequate food. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

The denial of food can rise to the level of a constitutional violation depending on the severity of the food deprivation. *See e.g.*, *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship.") A court must assess the amount and duration of the deprivation to make this determination. Weight loss may be evidence that a prisoner received constitutionally inadequate food. *See Obama v. Burl*, 477 Fed. App'x. 409, 412 (8th Cir. 2012) (per curiam) (designated unpublished); *Divers v. Dep't. of Corrections*, 921 F.2d 191, 194 (8th Cir. 1990). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Hamm*, 774 F.2d at 1575.

In this case, Mr. Curry has not alleged specifically how many meals he missed – or the time period in which he missed those meals (he stayed at the Lee County Adult Detention Center only 23 days). Further, he has not alleged that he was deprived of water, only that the faucet in his cell was inoperable. A § 1983 plaintiff must allege facts with specificity; conclusory allegations will not suffice. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2006) (a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim).

As for cell lighting, the plaintiff has alleged no harm from the alleged lack of cell lighting. Indeed, he has not alleged harm from any of the deprivations described in his

complaint. For these reasons, Mr. Curry's claims regarding inadequate food, water, and lighting must be dismissed for failure to state a claim upon which relief could be granted.

### Denial of Access to the Courts

In *Bounds v. Smith*, 430 U.S. 817, 821 (1977), the Supreme Court held that prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

"Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). In this case, the plaintiff has not shown that the handling of his mail interfered with his access to the court or that he suffered actual prejudice to a legal position. This allegation also fails to state a constitutional claim.

**Conclusion**

For the reasons set forth above, none of the plaintiff's allegations state a valid claim under 42 U.S.C. § 1983, and the defendants' motion for summary judgment will be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of July, 2022.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE