IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES CURRY, JR.**      **PLAINTIFF**

v.      **No. 1:20CV176-DAS**

**LEE COUNTY DETENTION CENTER JAIL**      **DEFENDANT**

### ORDER DENYING PLAINTIFF'S MOTION
### TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion for reconsideration of the court's memorandum opinion and final judgment, which granted the defendants' motion for summary judgment and entered judgment in favor of the defendants. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment.

In his motion the plaintiff argues that the court should have granted his previous motions to appoint counsel. He also argues that he tried to respond to the defendants' motion for summary judgment, but that several transfers to different facilities frustrated his attempts to do so. In addition, he argues that he would be better able to support his claims if the court permitted additional discovery. The remainder of the motion to reconsider consists of restatements of claims set forth in his complaint. In the instant motion he appears to request: (1) Reinstatement of his case; (2) Appointment of counsel; (3) Discovery; and (4) The opportunity to respond to the instant motion for summary judgment. As discussed below, these requests will be denied.

### Discussion

First, the plaintiff has had ample opportunity to submit a response to the defendants'

motion for summary judgment; he could have done so when he filed the instant motion to reconsider – or during the time this motion has been pending. He has not. In the memorandum opinion and final judgment, the court dismissed various allegations that were merely unsworn statements contained in documents other than the complaint – some of which did not contain facts sufficient to constitute competent summary judgment evidence. During that time Curry could have provided sworn statements and more detailed facts. (He even had the court's memorandum opinion to guide him in filling in the gaps in his allegations). He did not. Indeed, despite his knowledge that one of the deficiencies in his pleadings and motions was his use of unsworn statements, he provided none in the instant motion.

An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request to alter or amend judgment is **DENIED**. In addition, for the reasons set forth in its previous orders denying appointment of counsel, the instant request is also **DENIED**. In light of this ruling, the plaintiff's request for additional discovery and his request to file a response to the summary judgment motion are **DENIED**.

**SO ORDERED**, this, the 8th day of March, 2023.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE